**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x     07 CV 2697 (GBD)

ABBY HIRSCH,

                            **Plaintiff,**     **CLASS ACTION**
                                              **COMPLAINT**

     -against-

**GOODSTEIN MANAGEMENT, INC.**

                         **Defendant.**

------------------------------------------------------------------x

The plaintiff **ABBY HIRSCH** (hereafter "Ms. Hirsch" or the "plaintiff"), alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, injunctive relief, costs and attorney's fees brought on behalf of the named plaintiff and all other similarly situated persons pursuant to 15 USC §§ 1681 *et seq.* (Federal Fair Credit Reporting Act)(hereafter "FCRA") and New York General Business Law Arts. 25 (New York Fair Credit Reporting Act)(GBL § 380 *et seq.*) and 22-A (Deceptive Business Practices)(GBL § 349) against GOODSTEIN MANAGEMENT, INC. (hereafter "GOODSTEIN" or the "defendant").

2. The plaintiff contends that the defendant repeatedly accessed and obtained credit reports and information pertaining to her maintained by First Advantage

SafeRent (hereafter "FAS") without having a legitimate purpose for doing so and under false pretenses, in violation of applicable federal and state laws.  The plaintiff further contends that defendant repeatedly obtained information pertaining to her from Experian Credit Information Services (hereafter "Experian") under false pretenses.

3.    The plaintiff further alleges that she has suffered actual damage as a result of the defendant's actions and conduct, that such actions and conduct were engaged in wilfully and, as a result, the plaintiff is also entitled to an award of statutory and punitive damages pursuant to applicable federal and state laws.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction of this action under 28 USC § 1331 and 15 USC § 1681p and supplemental jurisdiction of the state law claims asserted herein under 28 USC § 1367(a).  Venue is properly laid in the Southern District of New York under 28 USC § 1391(b)(2) as the judicial district where a substantial part of the events or omissions giving rise to the claims occurred and where the plaintiff resides and where the defendant's principal place of business is located.

## PARTIES

6.  The plaintiff **ABBY HIRSCH** is an adult natural person and at all times relevant hereto, resided at 25 Central Park West, Apt.  10-Y, New York, New York.  Ms.  Hirsch is a "consumer", as defined by 15 USC § 1681a(c) and New York General Business Law § 380-a(b).

7.   At all times relevant hereto, the plaintiff resided at her residence address as a tenant whose tenancy is governed by the New York Rent Stabilization Law and Code (N.Y.C. Admin. Code §§ 26-501-26-520; 9 NYCRR Parts 2520-2530). ("RSC")

8. At all times relevant hereto, GOODSTEIN is, and was, a domestic corporation with a principal place of business at 211 East 46th St., New York, New York 10017.

9. At all times relevant hereto, GOODSTEIN is and was, engaged in the business of *inter alia*, owning and/or managing residential real estate in the City of New York, including the apartment occupied by the plaintiff.  According to GOODSTEIN's website (www.goodstein.com) it "manages fifty-five buildings with more than 12,000 units."

10.   FAS is a "consumer reporting agency" as that term is defined by the FCRA [15 USC § 1681a(f)]  and the NYFCRA [GBL § 380-a(e)].  FAS prepares and sells to its subscribers "RegistryCheck" reports which are "consumer reports as that term is defined by the FCRA [15 USC § 1681a(d)] and the NYFCRA [(GBL § 380-a(e)].

11.   At all relevant times hereto, GOODSTEIN is, or was, a subscriber of FAS's services pursuant to a written agreement.  Pursuant to that agreement, GOODSTEIN accesses and obtains consumer reports prepared by FAS.  As such, GOODSTEIN is a "user" of a consumer reports, as that term is used in the

FCRA, [15 USC § 1681b]  as well as a "user" of a consumer report as that term is defined by the NYFCRA. [GBL § 380-a(I)].

12.  In addition, as a subscriber of FAS' services, GOODSTEIN also obtains, through FAS, reports prepared by Experian about various individuals.  Experian is a "consumer reporting agency" as that term is defined by the FCRA (15 USC § 1681a(f)) and the NYFCRA [(GBL § 380-a(e)].

13   GOODSTEIN'S written agreement with FAS permits it to access consumer reports and other information from FAS' database, electronically or otherwise, if it does so solely for a "permissible purpose", as that term is used in 15 USC § 1681b.

## FACTS

14. Ms. Hirsch is a "rent-stabilized" tenant residing at 25 Central Park West, Apartment 10-Y, New York, NY.  Under the RSC Ms. Hirsch has the right to receive a renewal lease offer from her landlord upon the expiration of her lease subject to various exceptions set forth in the RSC.

15.  On or about December 5, 2005, and again on or about  December 14, 2005, GOODSTEIN, through electronic means or otherwise, accessed an FAS "consumer report" pertaining to Ms.  Hirsch, as that term is defined by 15 USC § 1681a(d) and GBL § 380-a(c), and/or obtained information contained in Ms. Hirsch's  FAS "file", as that term is defined by 15 USC § 1681a(g) and GBL § 380-a(f).

16.  In accessing such information, the defendant expressly or impliedly advised FAS that it had a "permissible purpose" for accessing that information.

17. The defendant in fact accessed such information without having a permissible purpose for doing so, as that term is used in 15 USC § 1681b and GBL § 380-b.

18.  Defendant also accessed those consumer reports without informing Ms. Hirsch that a consumer report would be requested in connection with her apartment in violation of the NYFCRA [GBL 380-b(b)].

19. On or about December 5, 2005, and again on or about December 14, 2005, GOODSTEIN, through electronic means or otherwise, obtained information from Experian pertaining to Ms.  Hirsch, as that term is used in 15 USC § 1681q, under false pretenses.

## CLASS ACTION ALLEGATIONS

20.  The plaintiff brings this Class Action Complaint against GOODSTEIN on behalf of herself and on behalf of a class of persons similarly situated who, for the period of two years prior to the filing of this complaint to the present date ("Class Period"), were members of one or both of the following subclasses: (a) the plaintiff and all other persons who were the subject of a consumer report(s) which was obtained by GOODSTEIN from a consumer reporting agency without the class member's express permission or consent and for whom GOODSTEIN cannot produce evidence of authorization or other permissible purpose, and/or (b)

the plaintiff and all other persons who were the subject of a report(s) which was obtained by GOODSTEIN from a consumer reporting agency under false pretenses

21.  The exact size of the class is unknown, but is likely hundreds, if not thousands of consumers.  As such, joinder of all class members is impracticable. The exact size of the subclasses will be determined following discovery of GOODSTEIN and a review of its books and records.

22.  The plaintiff will fairly and adequately represent and protect the interests of the class.  The plaintiff has suffered harm similar to the harm suffered by all members of the class.

23.  The plaintiff is committed to vigorously prosecuting this action and has retained, and is relying upon, competent counsel experienced in class actions, landlord-tenant and credit reporting litigation who have carefully investigated documents in their possession; and, the plaintiff is a member of the class and does not have any interests antagonistic to, or in conflict with, other members of the class.

24.  There are questions of law and fact which are common to the class and which predominate over any questions affecting any of the class members. Among the questions of law and fact common to the class are:

(a)   Whether GOODSTEIN obtained and/or used the plaintiff's and the class members' consumer reports from a consumer reporting agency without express written permission and/or without having a permissible purpose to do so; and

(b)   Whether GOODSTEIN breached its obligations under the FCRA and/or NYFCRA by ordering and/or receiving report(s) from one or more consumer reporting agencies under false pretenses.

25.   The plaintiff's claims are typical of the claims of the members of the class, and the plaintiff has the same interests as all other members of the class.

26.   The plaintiff and all members of the class have suffered the identical harm of (a) having their credit reports obtained and/or used without a permissible purpose; and (b) having information about them obtained under false pretenses from a credit reporting agency.

27. The plaintiff and all members of the class sustained the same form of damages as a result of GOODSTEIN's misconduct.

28.   A class action is superior to other available methods for the fair and efficient adjudication of this action as the controversy as the joinder of all members is impracticable; a class action will avoid a multiplicity of actions; and, the expense and burden of individual litigation over smaller consumer credit claims makes it difficult for many class members to redress the wrongs done to them individually.

29.  The plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## AS AND FOR A FIRST CAUSE OF ACTION
### (For a Negligent Violation of the FCRA, 15 USC § 1681b)

30.  The plaintiff repeats and realleges each paragraph above.

31.  The defendant negligently violated 15 USC § 1681b(f) by obtaining consumer reports pertaining to the plaintiff and members of the plaintiff class without a permissible purpose.

32.  As a result of the defendant's conduct and actions, the plaintiff and members of the plaintiff class sustained actual damage.  The defendant is liable to the plaintiff and members of the plaintiff class for such damages, as well as their statutory costs and attorney's fees in enforcing this action, under 15 USC § 1681o.

## AS AND FOR A SECOND CAUSE OF ACTION
### (For a Willful Violation of the FCRA, 15 USC § 1681b)

33.  The plaintiff repeats and realleges each paragraph above.

34.  The defendant willfully violated 15 USC § 1681b(f) by obtaining consumer reports pertaining to the plaintiff and members of the plaintiff class without a permissible purpose.

35.  As a result of the defendant's conduct and actions, the plaintiff and members of the plaintiff class sustained actual damage.  The defendant is liable

to the plaintiff and members of the plaintiff class for such damages, together with statutory and punitive damages, as well as statutory costs and attorney's fees in enforcing this action, under 15 USC § 1681n.

## AS AND FOR A THIRD CAUSE OF ACTION
### (For a Willful Violation of the FCRA, 15 USC § 1681q)

36. The plaintiff repeats and realleges each paragraph above.

37. The defendant violated 15 USC § 1681q by knowingly and willfully obtaining information from FAS pertaining and members of the plaintiff class to the plaintiff under false pretenses.

38. The defendant violated 15 USC § 1681q by knowingly and willfully obtaining information from Experian pertaining to the plaintiff and members of the plaintiff class under false pretenses.

39. As a result of the defendant's conduct and actions, the plaintiff and members of the plaintiff class sustained actual damage. The defendant is liable to the plaintiff and members of the plaintiff class for such damages, together with statutory and punitive damages, and statutory attorney's fees in enforcing this action, under 15 USC § 1681n.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (For a Negligent Violation of the NYFCRA, GBL § 380-b)

40. The plaintiff repeats and realleges each paragraph above.

41.  The defendant negligently violated the New York Fair Credit Reporting Act ("NYFCRA") GBL § 380-b by obtaining consumer reports pertaining to the plaintiff and members of the plaintiff class without a permissible purpose.

42.  The defendant negligently violated the New York Fair Credit Reporting Act ("NYFCRA") GBL § 380-b(b) by obtaining consumer reports pertaining to the plaintiff and members of the plaintiff class without first informing the plaintiff and members of the plaintiff class that a consumer report would be requested in connection with her apartment.

43.  As a result of the defendant's conduct and actions, the plaintiff and members of the plaintiff class sustained actual damage.  The defendant is liable to the plaintiff and members of the plaintiff class for such damages, as well as their statutory costs and attorney's fees in enforcing this action, under GBL § 380-n.  Further, the plaintiff seeks appropriate injunctive relief barring GOODSTEIN from engaging in further violations of the NYFCRA.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (For a Willful Violation of the NYFCRA, GBL § 380-b)

44.  The plaintiff repeats and realleges each paragraph above.

45.  The defendant willfully violated GBL § 380-b by obtaining consumer reports pertaining to the plaintiff and members of the plaintiff class without a permissible purpose.

46.  The defendant willfully violated the New York Fair Credit Reporting Act ("NYFCRA") GBL § 380-b(b) by obtaining consumer reports pertaining to the plaintiff and members of the plaintiff class without first informing the plaintiff that a consumer report would be requested in connection with her apartment.

47.  As a result of the defendant's conduct and actions, the plaintiff and members of the plaintiff class sustained actual damage.  The defendant is liable to the plaintiff for such damages, punitive damages, as well as their statutory costs and attorney's fees in enforcing this action, under GBL § 380-l.  Further, the plaintiff and members of the plaintiff class seek appropriate injunctive relief barring GOODSTEIN from engaging in further violations of the NYFCRA.

## AS AND FOR A SIXTH CAUSE OF ACTION
**(For a Willful Violation of the NYFCRA, GBL § 380-o)**

48.  The plaintiff repeats and realleges each paragraph above.

49.  The defendant violated GBL § 380-o by knowingly and willfully obtaining information from FAS pertaining to the plaintiff and members of the plaintiff class under false pretenses.

50.  As a result of this violation, the plaintiff seeks appropriate injunctive relief barring GOODSTEIN from engaging in further violations of the NYFCRA.

## AS AND FOR A SEVENTH CAUSE OF ACTION
**(For a Violation of New York GBL § 349)**

51.  The plaintiff repeats and realleges each paragraph above.

52.  Upon information and belief, the defendant has engaged in the conduct and actions described above on repeated occasions and such conduct and actions have been directed at, and affect, numerous consumers.

53.  The defendant's conduct and actions had the capacity to deceive the plaintiff and members of the plaintiff class.

54.  The defendant's conduct and actions, described above, constitute false, deceptive and/or illegal business practices in violation of GBL Art. 22-A.

55.  As a result of such violations, the plaintiff and members of the plaintiff class sustained damage as described above and they may recover such damages pursuant to GBL § 349(h).

56.  The defendant's conduct and actions were willful, rendering it liable to the plaintiff and members of the plaintiff class for additional damages in the amount of $1,000.00 per violation of law, pursuant to GBL § 349(h).

57. FAS's continuing and ongoing failure to comply with GBL § 349 will, unless restrained and enjoined, cause similar harm to other consumers and members of the Class herein, and, accordingly, the plaintiff and the Class are entitled to declaratory and injunctive relief, as set forth below.

58. The plaintiff is entitled to recover attorney's fees from the defendant pursuant to GBL §349(h).

**WHEREFORE**, the plaintiff demands that the Court enter judgment in her favor and in favor of the class, against the defendant, as follows, granting:

A.  An order certifying this action as a class action and certifying the named plaintiff herein to be an adequate class representatives and her counsel to be adequate class counsel;

B.  An award of actual damages to the plaintiff and members of the putative class in an amount to be determined by the trier of fact;

C.  An award of statutory damages of not less than $100, and not more than $1,000, for the named plaintiff and each member of the putative class pursuant to 15 USC § 1681n(a)(1)(A);

D.  An award of statutory damages in the amount of $1,000 for each violation of law, as alleged in the Seventh Cause of Action;

E.  An award of punitive damages in the amount to be determined by the trier of fact;

F.  A permanent injunction enjoining GOODSTEIN, and its agents and employees, from continuing to access and obtain consumer reports without a having a permissible purpose to do so, from obtaining information from any consumer reporting agency under false pretenses, as required by NY GBL § 380-b and 380-o, and/or obtaining consumer reports on the plaintiff without providing consumers with prior notice that a consumer report would be requested in connection with their apartment, and ordering it to adopt and enforce policies and procedures to ensure future compliance with these requirements;

G.  An award of statutory attorney's fees.

H. An award of interest, costs and disbursements; and

I.  Such other relief as may be just.

**<u>PLEASE TAKE NOTICE THAT THE PLAINTIFF HEREBY</u>**
**<u>DEMANDS A JURY TRIAL ON ALL ISSUES TRIABLE BY A JURY</u>**


Dated: New York, New York
       March 29, 2007

                              Respectfully submitted,


                              _____**s/**_____
                              JAMES B. FISHMAN (jbf 8998)
                              KEVIN MALLON (kcm 4798)
                              FISHMAN & NEIL, LLP
                              305 Broadway, Suite 900
                              New York, NY  10007
                              (212) 897-5840
                              <u>www.consumeratty.net</u>
                              Attorneys for the Plaintiff

14